IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JACQUELINE BARBER,

    Plaintiff,

v.

SELECT REHABILITATION, LLC,

    Defendant.

No. 3:18-cv-01235-SB

OPINION AND ORDER

**MOSMAN, J.,**

On February 8, 2019, Magistrate Judge Stacie F. Beckerman issued her Findings and Recommendation (F&R) [31], recommending that Plaintiff's Motion for Leave to Amend [20] should be GRANTED in part. Defendant filed Objections [33] to the F&R and Plaintiff filed a Response [35]. For the reasons stated below, I adopt Judge Beckerman's F&R in full.

### DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal

conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Defendant Select Rehabilitation first objected to Judge Beckerman's conclusion that Ms. Barber's proposed amendment was not futile because it plausibly stated a claim under ORS § 659A.030(1)(g). Obj. [33] at 5–6. In particular, Select objected to the finding that the Ms. O'Bryant and Mr. Share ("the Individual Defendants") understood that they were "aiding in acts of discrimination or retaliation" because, as human resources employees, they understood Select's legal obligations under the Oregon Family Leave Act. *See Hernandez v. FedEx Freight, Inc.*, No. 2:16-cv-01495-SU, 2017 WL 3120283, at *3 (D. Or. June 12, 2017). Select argues that these facts are as consistent with negligence as they are with intent. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Leave to amend can be denied as futile where the proposed amendment would not survive a motion to dismiss for failure to state a claim. *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011), *reh'g en banc*, 681 F.3d 1041 (9th Cir. 2012). Therefore, a motion to amend can be denied where it fails to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Although the standard is the same, a motion to amend must be viewed through the lens of the requirement that courts "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). In this context, I agree with Judge Beckerman that Ms. Barber's proposed First

Amended Complaint plausibly states a claim such that amendment is not futile. The merits of Select's arguments on the sufficiency of Ms. Barber's claims are more appropriately addressed in a motion to dismiss. Because Select's argument that amendment would cause undue prejudice relies on finding that Ms. Barber has not sufficiently pleaded liability for aiding and abetting, I also adopt Judge Beckerman's finding that amendment would not cause undue prejudice. *See* F&R [31] at 6.

Next, Select objected to Judge Beckerman's F&R on the basis that it ignored the requirement that a plaintiff demonstrate a causal link between aiding and abetting and the alleged harm. Obj. [33] at 7–8. The basis for Select's objection is unclear, as it challenges the sufficiency of the pleading rather than the futility of amendment. Again, the merits of Select's arguments on this point are not appropriate for resolution in the present motion to amend. For the same reason, it would be inappropriate to reject Judge Beckerman's recommendation that the Motion to Amend should be granted based on Select's arguments that Ms. Barber (1) pleads facts showing that she was not terminated, and (2) failed to plead that she was actually denied leave.

Select argues that Ms. Barber should not be permitted to amend her complaint to claim punitive damages, which require an allegation of "conduct that is culpable by reason of motive, intent, or extraordinary disregard of or indifference to known or highly probably risks to others." F&R [31] at 5–6 (quoting *Andor v. United Air Lines, Inc.*, 739 P.2d 18, 25 (Or. 1987)). Because I agree with Judge Beckerman's recommendation that amendment should be granted to allow claims that the Individual Defendants had the intent to discriminate or retaliate, I also agree with her finding that there is a sufficient basis for pleading punitive damages.

Finally, Select objects to Judge Beckerman's finding that it "may not now challenge the sufficiency of allegations that also appeared in Barber's original complaint." F&R [31] at 3 n.1.

Select objects on the basis that it has not waived any arguments on claims that are raised for the first time in Barber's proposed First Amended Complaint. I agree with Select, but I fail to discern any disagreement with Judge Beckerman's finding. In addition, as stated in the F&R, consideration of Select's challenges to allegations that appeared in Barber's first complaint would not change the result of Judge Beckerman's analysis. Therefore, to the extent that Select presents a meaningful objection to the F&R, I agree with Judge Beckerman's finding.

## CONCLUSION

Upon review, I agree with Judge Beckerman's recommendation and I ADOPT the F&R [31] as my own opinion. Plaintiff's Motion for Leave to Amend [20] is GRANTED except with respect to her proposed aiding and abetting claim retaliation against Ms. O'Bryant. Plaintiff shall file her amended complaint within thirty days of this order.

IT IS SO ORDERED.

DATED this 8th day of May, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge