**Christopher J. Manfredi**, OSB #062476
Francis Hansen & Martin LLP
1148 NW Hill Street
Bend, OR 97703
(541) 389-5010
chris@francishansen.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JACQUELINE BARBER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SELECT REHABILITATION, LLC, an Oregon limited liability company; ERIC SHARE, an individual; ANDREA O'BRYANT, an individual,<br><br>Defendants. | Case No.  3: 18-cv-01235SB<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(1) Interference with OFLA Rights; (2) Aiding and Abetting Interference with OFLA Rights; (3) OFLA Retaliation; (4) Aiding and Abetting OFLA Retaliation (5) Disability Discrimination; (6) Aiding and Abetting Disability Discrimination; and (7) Wrongful Discharge**<br><br>***Jury Trial Requested*** |

For her first amended complaint, plaintiff, Jacqueline Barber ("Plaintiff"), alleges as

follows:

## JURISDICTION AND VENUE

1.

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332

due to the diversity of citizenship and an amount in controversy that exceeds the

jurisdictional limit.  Defendant Select Rehabilitation, LLC removed this case to this Court

from the Circuit Court for the State of Oregon for the County of Jefferson pursuant to 28

**1 – FIRST AMENDED COMPLAINT**



U.S.C. § 1332, 1441, and 1446.

2.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b)(2) because Defendant, Select Rehabilitation, LLC ("Select"), transacted business in this district, Plaintiff was employed by Select in this district, and the acts and omissions that are the subject of this suit transpired in this district.

## **PARTIES**

3.

At all material times herein, Plaintiff was a resident of Redmond, Deschutes County, Oregon.

4.

At all material times herein, Select, contracts with assisted living and skilled nursing facilities to provide physical therapy and rehabilitation services.  Select had such a contract with East Cascade Retirement Community ("East Cascade") located in Madras, Jefferson County, Oregon.  At all material times, Select employed more than 25 employees in Oregon.

5.

At all material times, defendants, Andrea O' Bryant ("O' Bryant") and Eric Share ("Share," or collectively with Select and O'Bryant, "Defendants"), were employees in Select's human resources department, were acting within the course and scope of their employment at Select, and in concert with each other.  As employee's in Select's human resources department, O'Bryant and Share had human resources expertise, including

**2 – FIRST AMENDED COMPLAINT**



FRANCIS HANSEN & MARTIN LLP
1148 NW HILL STREET, BEND, OR 97703-1914
TEL: (541) 389-5010 • FAX: (541) 382-7068
WWW.FRANCISHANSEN.COM

expertise in the areas of federal and state family leave and disability statutes and

regulations.  O'Bryant and Share were at all relevant times aware of, and had

responsibility for administering, Select's Equal Employment Opportunity policy prohibiting,

among other things, disability discrimination and requiring the reasonable accommodation

of persons with disabilities, as well as Select's Family and Medical Leave policy stating, in

pertinent part, that Select provides unpaid family and medical leave to employees in

accordance with the FMLA and any applicable state and local laws.

## FIRST CLAIM FOR RELIEF

### (Interference with OFLA Rights – ORS 659A.183)

### (Against Defendant Select)

6.

Beginning in November 2016, Plaintiff was employed by Select as a physical

therapy assistant / rehabilitation program manager.  Plaintiff was assigned by Select to

provide physical therapy / rehabilitation services at East Cascade.  On or about October

20, 2017, Plaintiff notified Select's Human Resources Department of her need to take

intermittent family leave under the Oregon Family Leave Act ("OFLA") due to Plaintiff's

serious health condition, chronic fatigue syndrome / Esptein Barr.  Plaintiff provided Select

with sufficient verbal and written notice of her desire to take OFLA leave, which included

verification from a health care provider of Plaintiff's need to take intermittent OFLA leave.

7.

At all material times, Select was a "covered employer" under ORS 659A.150 and

ORS 659A.153(1).  Prior to notifying Select of her need to take intermittent OFLA leave,

**3 – FIRST AMENDED COMPLAINT**



FRANCIS HANSEN & MARTIN LLP
1148 NW HILL STREET, BEND, OR 97703-1914
TEL: (541) 389-5010 • FAX: (541) 382-7068
WWW.FRANCISHANSEN.COM

Plaintiff had worked for Plaintiff in excess of 180 days and had worked an average of at least 25 hours per week during those 180 days.  Accordingly, Plaintiff was an "eligible employee" under ORS 659A.156 and was entitled to take OFLA leave.

8.

Select unlawfully denied Plaintiff's request to take OFLA leave, falsely stating that Plaintiff must "qualify for FMLA before [Plaintiff] can qualify for OFLA."  The foregoing statement was made to Plaintiff in an email from Share.  O'Bryant also falsely stated to Plaintiff, in writing, that Plaintiff was ineligible for family and medical leave.  These statements were inconsistent with Select's Family and Medical Leave policy.  Under the OFLA, Plaintiff was not required to qualify for leave under the FMLA as a precondition for taking OFLA leave.

9.

Select then terminated Plaintiff's employment by placing Plaintiff on "inactive status," and canceling Plaintiff's health insurance benefits.  Plaintiff was informed of this adverse employment action in a letter from Share.

10.

Under ORS 659A.183(1), it is unlawful for a covered employer to "[d]eny family leave to which an eligible employee is entitled under ORS 659A.150 to 659A.186."

11.

Select's denial of Plaintiff's request for OFLA leave violated ORS 659A.183(1), and unlawfully interfered with Plaintiff's right to take OFLA leave.



Francis Hansen & Martin llp
1148 NW Hill Street, Bend, Or 97703-1914
Tel: (541) 389-5010 • Fax: (541) 382-7068
www.francishansen.com

12.

As a direct result of Select's unlawful denial of Plaintiff's OFLA leave request and interference with Plaintiff's OFLA rights, Plaintiff has suffered economic damages in the amount to be proven at trial but not less than $156,000, representing the value of Plaintiff's lost wages and benefits.

13.

Plaintiff is entitled to an award of her reasonable attorneys' fees pursuant to ORS 659A.885.

## SECOND CLAIM FOR RELIEF

**(Aiding and Abetting Interference with OFLA Rights -- ORS 659A.030(1)(g))**

**(Against Defendants O'Bryant and Share)**

14.

Plaintiff re-alleges paragraphs 1-13, as if set forth fully herein.

15.

Through their conduct alleged herein, O'Bryant and Share, aided and abetted Select's unlawful denial of Plaintiff's OFLA leave request and interference with Plaintiff's OFLA rights, in violation of ORS 659A.030(1)(g).

16.

As a direct result of O'Bryant's and Share's aiding and abetting of Select's unlawful denial of Plaintiff's OFLA leave request and interference with Plaintiff's OFLA rights, Plaintiff has suffered economic damages in an amount to be proven at trial, but not less than $156,000, representing the value of Plaintiff's lost wages and benefits.



**FRANCIS HANSEN & MARTIN LLP**
1148 NW HILL STREET, BEND, OR 97703-1914
TEL: (541) 389-5010 • FAX: (541) 382-7068
WWW.FRANCISHANSEN.COM

O'Bryant's and Share's unlawful conduct has also caused Plaintiff emotional distress, anxiety, embarrassment, feelings of humiliation, and stress, and Plaintiff is entitled to an award of emotional distress damages in an amount to be proven at trial, but not less than $150,000.

17.

Plaintiff is entitled to an award of her reasonable attorneys' fees pursuant to ORS 659A.885.

18.

Based on their human resources expertise relating to federal and state family leave laws, and their failure to follow Select's Family and Medical Leave Policy, O'Bryant's and Share's unlawful conduct alleged herein was malicious, and entitles Plaintiff to an award of punitive damages in an amount to be proven at trial pursuant to ORS 659A.885(3)(a).

**THIRD CLAIM FOR RELIEF**

**(OFLA Retaliation)**

**(Against Defendant Select)**

19.

Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-9.

20.

Under to ORS 659A.183(2), it is unlawful for a covered employer to "[r]etaliate or in any way discriminate against an individual with respect to hire or tenure or any other term

Francis Hansen & Martin llp
1148 NW Hill Street, Bend, Or 97703-1914
Tel: (541) 389-5010 • Fax: (541) 382-7068
www.francishansen.com

or condition of employment because the individual has inquired about the provisions of ORS 659A.150 to 659A.186, submitted a request for family leave or invoked any provision of ORS 659A.150 to 659A.186."

21.

Select terminated Plaintiff's employment in retaliation for her inquiries about, and/or request for, OFLA leave.  Select's termination of Plaintiff's employment violated ORS 659A.183(2).

22.

As a direct result of Select's unlawful denial of Plaintiff's OFLA leave request and interference with Plaintiff's OFLA rights, Plaintiff has suffered economic damages in an amount to be proven at trial, but not less than $156,000, representing the value of Plaintiff's lost wages and benefits.

23.

Plaintiff is entitled to an award of her reasonable attorneys' fees pursuant to ORS 659A.885.

## **FOURTH CLAIM FOR RELIEF**

### **(Aiding and Abetting OFLA Retaliation -- ORS 659A.030(1)(g))**

### **(Against Defendant Share)**

24.

Plaintiff re-alleges paragraphs 1-9 and 20-21, as if set forth fully herein.

25.

Through his conduct alleged herein, Share aided and abetted Select's termination



of Plaintiff's employment in retaliation for her inquiries about, and/or request for, OFLA

leave, in violation of ORS 659A.030(1)(g).

26.

As a direct result of Share's aiding and abetting of Select's termination of

Plaintiff's employment in retaliation for her inquiries about, and/or request for, OFLA

leave, Plaintiff has suffered economic damages in an amount to be proven at trial, but

not less than $156,000, representing the value of Plaintiff's lost wages and benefits.

Share's unlawful conduct has also caused Plaintiff emotional distress, anxiety,

embarrassment, feelings of humiliation, and stress, and Plaintiff is entitled to an award

of emotional distress damages in an amount to be proven at trial, but not less than

$150,000.

27.

Plaintiff is entitled to an award of her reasonable attorneys' fees pursuant to ORS

659A.885.

28.

Based on his human resources expertise relating to federal and state family

leave laws, and his failure to follow Select's Family and Medical Leave Policy, Share's

unlawful conduct alleged herein was malicious, and entitles Plaintiff to an award of

punitive damages in an amount to be proven at trial pursuant to ORS 659A.885(3)(a).

/ / /

/ / /

/ / /

**8 – FIRST AMENDED COMPLAINT**



## FIFTH CLAIM FOR RELIEF

## (Disability Discrimination – ORS 659A.112)

29.

Plaintiff realleges and incorporates herein by reference the allegations contained in paragraph 1-6 and 9.

30.

Pursuant to ORS 659A.112, it is unlawful for an employer to "to refuse to hire, employ or promote, to bar or discharge from employment or to discriminate in compensation or in terms, conditions or privileges of employment on the basis of disability."

31.

The essential functions of Plaintiff's job as a physical therapy assistant / rehabilitation program manager were (a) responsibility for treatment of resident patients with various types of movement, muscular, balance and neurological deficits; (b) competition of related paperwork; (c) attendance at meetings with supervisors and facility personnel, as well as routine communication with the same; and (d) management of the resident patient caseload, such as scheduling of appointments.

32.

Plaintiff's chronic fatigue syndrome / Esptein Barr qualifies as disability under ORS 659A.104, in that it substantially limits Plaintiff's ability to, among other things, work, concentrate, and perform physical labor such as lifting and bending. Select was aware of Plaintiff's disability because Plaintiff notified Select that she had been diagnosed with

**9 – FIRST AMENDED COMPLAINT**



FRANCIS HANSEN & MARTIN LLP
1148 NW HILL STREET, BEND, OR 97703-1914
TEL: (541) 389-5010 • FAX: (541) 382-7068
WWW.FRANCISHANSEN.COM

chronic fatigue syndrome / Esptein Barr, and Plaintiff requested time off work because of her condition.

33.

Plaintiff was qualified to perform the essential functions of her job as a physical therapy assistant / rehabilitation program manager with or without a reasonable accommodation.

34.

Select discriminated against Plaintiff because of her disability in violation of 659A.112.  Select failed to reasonably accommodate Plaintiff's disability, including, but not limited to failing to provide Plaintiff with a leave of absence and/or a modified work schedule.  Plaintiff's disability was also a substantial factor in Select's decision to terminate Plaintiff's employment at Select.

35.

As a direct result of Select's discrimination against Plaintiff because of her disability, Plaintiff has suffered economic damages in an amount to be proven at trial, but not less than $156,000, representing the value of Plaintiff's lost wages and benefits. Select's discrimination against Plaintiff because of her disability has also caused Plaintiff emotional distress, anxiety, embarrassment, feelings of humiliation, and stress. As a result of Select's unlawful conduct, Plaintiff is entitled to an award of emotional distress damages in an amount to be proven at trial, but not less than $150,000.

36.

Plaintiff is entitled to an award of her reasonable attorneys' fees pursuant to



FRANCIS HANSEN & MARTIN LLP
1148 NW HILL STREET, BEND, OR 97703-1914
TEL: (541) 389-5010 • FAX: (541) 382-7068
WWW.FRANCISHANSEN.COM

ORS 659A.885.

37.

Select's unlawful conduct alleged herein was malicious, and entitles Plaintiff to an award of punitive damages in an amount to be proven at trial pursuant to ORS 659A.885(3)(a).

## SIXTH CLAIM FOR RELIEF

### (Aiding and Abetting Disability Discrimination -- ORS 659A.030(1)(g))

### (Against Defendants O'Bryant and Share)

38.

Plaintiff re-alleges paragraphs 1-6, 9, and 30-34 as if set forth fully herein.

39.

Through their conduct alleged herein, defendants, O'Bryant and Share, aided and abetted Select's discrimination against Plaintiff because of her disability, in violation of ORS 659A.030(1)(g).

40.

As a direct result of O'Bryant's and Share's aiding and abetting of Select's discrimination against Plaintiff because of her disability, Plaintiff has suffered economic damages in an amount to be proven at trial, but not less than $156,000, representing the value of Plaintiff's lost wages and benefits.  O'Bryant's and Share's unlawful conduct has also caused Plaintiff emotional distress, anxiety, embarrassment, feelings of humiliation, and stress, and Plaintiff is entitled to an award of emotional distress damages in an amount to be proven at trial, but not less than $150,000.

**11 – FIRST AMENDED COMPLAINT**



41.

Plaintiff is entitled to an award of her reasonable attorneys' fees pursuant to ORS 659A.885.

42.

Based on their human resources expertise relating to federal and state disability laws, and his failure to follow Select's equal employment opportunity policy relating to disability and reasonable accommodation of employees with disabilities, O'Bryant's and Share's unlawful conduct alleged herein was malicious, and entitles Plaintiff to an award of punitive damages in an amount to be proven at trial pursuant to ORS 659A.885(3)(a).

## SEVENTH CLAIM FOR RELIEF

### (Wrongful Discharge)

### (Against Defendant Select)

43.

Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-11 and 20-21.

44.

When Plaintiff inquired about and then requested OFLA leave, Plaintiff was exercising a job-related right that reflects an important public policy in Oregon – specifically, the right of qualified employees to request and take protected family leave under the OFLA.

**12 – FIRST AMENDED COMPLAINT**



FRANCIS HANSEN & MARTIN LLP
1148 NW HILL STREET, BEND, OR 97703-1914
TEL: (541) 389-5010 • FAX: (541) 382-7068
WWW.FRANCISHANSEN.COM

45.

Select's termination of Plaintiff's employment was wrongful, and in violation of Oregon public policy because Plaintiff's inquiries about, and/or request for, OFLA leave were a substantial factor in Select's decision to terminate Plaintiff's employment.

46.

Plaintiff's rights are not fully and adequately protected by existing statutory remedies, and those statutory remedies were not intended to replace or otherwise preempt the common law remedy of wrongful discharge.

47.

As a direct result of Select's unlawful denial of Plaintiff's OFLA leave request and interference with Plaintiff's OFLA rights, Plaintiff has suffered economic damages in the amount to be proven at trial, but not less than $156,000, representing the value of Plaintiff's lost wages and benefits. Select's unlawful termination of Plaintiff's employment has also caused Plaintiff emotional distress, anxiety, embarrassment, feelings of humiliation, and stress. As a result of Select's unlawful conduct, Plaintiff is entitled to an award of emotional distress damages the amount to be proven at trial, but not less than $150,000.

48.

Select's unlawful conduct alleged herein was malicious, and entitles Plaintiff to an award of punitive damages in an amount to be proven at trial.

**13 – FIRST AMENDED COMPLAINT**



## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests a jury trial, and that the Court enter judgment in Plaintiff's favor and against Select as follows:

1.      On Plaintiff's First Claim for Relief, judgment in favor of Plaintiff and against Select in the amount to be proven at trial but not less than $156,000.00, together with Plaintiff's costs and disbursements incurred herein, together with pre-judgment interest on Plaintiff's economic damages, together with Plaintiff's reasonable attorneys' fees.

2.      On Plaintiff's Second Claim for Relief, judgment in favor of Plaintiff and against Share and O'Bryant, jointly and severally, in the amount to be proven at trial but not less than $306,000.00, together with pre-judgment interest on Plaintiff's economic damages, together with Plaintiff's costs and disbursements incurred herein, together with Plaintiff's reasonable attorneys' fees, together with an award of punitive damages in an amount to be proven at trial.

3.      On Plaintiff's Third Claim for Relief, judgment in favor of Plaintiff and against Select in an amount to be proven at trial but not less than $156,000.00, together with Plaintiff's costs and disbursements incurred herein, together with pre-judgment interest on Plaintiff's economic damages, together with Plaintiff's reasonable attorneys' fees.

4.      On Plaintiff's Fourth Claim for Relief, judgment in favor of Plaintiff and against Share in the amount to be proven at trial but not less than $306,000.00, together with pre-judgment interest on Plaintiff's economic damages, together with

**14 – FIRST AMENDED COMPLAINT**



Plaintiff's costs and disbursements incurred herein, together with Plaintiff's reasonable attorneys' fees, together with an award of punitive damages in an amount to be proven at trial.

5.      On Plaintiff's Fifth Claim for Relief, judgment in favor of Plaintiff and against Select in the amount to be proven at trial, but not less than $306,000.00, together with pre-judgment interest on Plaintiff's economic damages, together with Plaintiff's costs and disbursements incurred herein, together with Plaintiff's reasonable attorneys' fees, together with an award of punitive damages in an amount to be proven at trial.

6.      On Plaintiff's Sixth Claim for Relief, judgment in favor of Plaintiff and against Share and O'Bryant, jointly and severally, in the amount to be proven at trial but not less than $306,000.00, together with pre-judgment interest on Plaintiff's economic damages, together with Plaintiff's costs and disbursements incurred herein, together with Plaintiff's reasonable attorneys' fees, together with an award of punitive damages in an amount to be proven at trial.

7.      On Plaintiff's Seventh Claim for Relief, judgment in favor of Plaintiff and against Select in the amount to be proven at trial but not less than $306,000.00, together with Plaintiff's costs and disbursements incurred herein, together with pre-judgment interest on Plaintiff's economic damages, together with an award of punitive damages in an amount to be proven at trial.

**15 – FIRST AMENDED COMPLAINT**

FH
M

FRANCIS HANSEN & MARTIN LLP
1148 NW HILL STREET, BEND, OR 97703-1914
TEL: (541) 389-5010 • FAX: (541) 382-7068
WWW.FRANCISHANSEN.COM

8.      For such other relief the Court deems equitable and just.


DATED this 7th day of June 2019.

FRANCIS HANSEN & MARTIN LLP


 s/ Christopher J. Manfredi
Christopher J. Manfredi, OSB #062476
(541) 389-5010
Attorney for Plaintiff



FRANCIS HANSEN & MARTIN LLP
1148 NW HILL STREET, BEND, OR 97703-1914
TEL: (541) 389-5010 • FAX: (541) 382-7068
WWW.FRANCISHANSEN.COM

**CERTIFICATE OF SERVICE**

I certify that I served a true and exact copy of the foregoing **FIRST AMENDED COMPLAINT** by the method indicated below to:

Tyler Moore
Karnopp Petersen LLP
360 SW Bond Street, Ste 400
Bend, OR 97702
   tjm@karnopp.com

Diane Gianos Walker
Kristen W. Roberts
Walker Morton LLP
180 N. Stetson Ave., Ste 4700
Chicago, IL 60601
   dwalker@walkermortonllp.com
   kroberts@walkermortonllp.com

David B. Goroff
Foley & Lardner LLP
321 N. Clark Street, Ste 2800
Chicago, IL 60654
   dgoroff@foley.com


☑    electronic filing using the Cm/ECF system.


DATED:  June 7, 2019.

                  FRANCIS HANSEN & MARTIN LLP


                   s/ Christopher J. Manfredi
                  Christopher J. Manfredi, OSB #062476
                  Attorney for Plaintiff

